ESTHER M. BUTLER *vs.* BUTLER'S DINER, INC.

AUGUST 5, 1953.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

CONDON, J. This is a receiver's petition for instruction as to whom and according to what priority he should distribute among the creditors two funds, one in the amount of $1,015.61 realized from his operation as receiver of the business of Butler's Diner, Inc., and the other in the amount of $5,476.27 obtained from the sale of all of its assets in liquidation. At the hearing in the superior court Anderton Realty Company, landlord of the premises on which the business was conducted, and James C. Carr, mortgagee of all personal property of the debtor, each claimed prior rights in the second fund. The trial justice found that all of the assets, including certain buildings on the premises, were personalty under the mortgage and that the fund realized from the sale thereof should therefore be paid to Carr as mortgagee subject, however, to the prior payment of the re-

ceiver's fees and costs of administration. A final decree to that effect was duly entered and Anderton Realty Company, hereinafter referred to as appellant, has appealed therefrom to this court.

Under its reasons of appeal appellant claims generally that the decree is contrary to the law and the evidence and the weight thereof, and more specifically that the trial justice erred in holding that the buildings were personalty; in allowing receiver's fees and costs priority of payment out of the fund realized from the sale thereof with other personal assets; and in determining that Carr had a prior right to such fund after those fees and costs were paid. In our opinion all of those contentions may be treated together in determining whether the trial justice erred in finding that the buildings were personalty and in allowing the payment of the receiver's fees and costs of administration out of the second fund as well as the first fund.

The trial justice found that in the circumstances in which the buildings were affixed to the land they were not intended to be real fixtures but rather were intended to be and remain the personalty of the tenant. From our examination of the transcript and exhibits we cannot say that his finding was clearly wrong. However, appellant contends that since it is the undisputed owner of the land it is, as a matter of law, the owner of the buildings regardless of the intention with which they were affixed to the land. In support of such contention it cites a number of cases in which this court had occasion to consider the law of fixtures but he particularly relies on *Canning* v. *Owen*, 22 R. I. 624, and *Houle* v. *Guilbeault*, 70 R. I. 421.

We cannot agree with such contention. It is true that ordinarily buildings annexed to the freehold are deemed prima facie to be a part thereof and one claiming them to be personalty has the burden of proving it. 36 C.J.S., Fixtures, §63, p. 1006. But in the case at bar the trial justice found that Carr has discharged that burden and we have concluded that such finding was not clearly wrong. More-

46

over, the question here is not one between a landowner and a stranger as appellant argues in its brief. It is in reality one between landlord and tenant, that is, between appellant and Butler's Diner, Inc. Carr as its mortgagee is asserting title to the buildings which were conveyed to him by the grant in its personal property mortgage of "all its right, title and interest in and to said demised premises and the buildings and improvements thereon, together with all its right, title and interest in and to any buildings and improvements to be made or erected thereon * * *."

In *Canning* v. *Owen, supra,* this court expressly stated that the general rule of the common law is "That whatever is once annexed to the freehold which is designed by the owner thereof to be used and enjoyed in connection therewith becomes a part of the realty and passes with the conveyance thereof." It further stated that such rule was to be strictly enforced as between vendor and vendee but that as between *landlord and tenant* in relation to articles attached to the freehold as trade fixtures, so called, it did not obtain. And in that connection it was also stated "that, as a general thing, a tenant may remove whatever he has added to the realty when he can do so without injury to the freehold * * *."

Here the owner did not place the buildings upon the land but the tenant, Butler's Diner, Inc., did so for the special purpose of conducting its diner or restaurant business. In such circumstances it is generally held that a tenant is presumed not to intend to enrich the freehold; that he makes the improvements solely for his own benefit; and that it is the policy of the law to allow him to remove them in order to favor trade and encourage industry. 22 Am. Jur., Fixtures, §40, p. 749.

Whatever is affixed to the land by a tenant for that purpose, whether of wood or of brick, has been held to be removable. *Wiggins Ferry Co.* v. *Ohio & Mississippi Ry.,* 142 U. S. 396. "The question as to whether a building is or is not a trade fixture is not dependent upon such factors as its size, foundation, method of construction, etc., but the

sole question is whether the building is designed for purposes of trade, and if so designed, it is a trade fixture and is removable by the tenant irrespective of other factors." 22 Am. Jur., Fixtures, §66, p. 783. We find nothing in *Canning* v. *Owen, supra,* contrary to those principles. Butler's Diner, Inc. was, therefore, not precluded by any rule of law from claiming the buildings in question here to be its personal property as trade fixtures and mortgaging them to Carr. Nor is Carr, as against the owner of the land, Anderton Realty Company, appellant here, so precluded from claiming them as personal property under such mortgage.

*Houle* v. *Guilbeault, supra,* does not indicate any contrary view and furthermore it is not in point here. That case did not involve the respective rights of landlord and tenant in and to buildings placed upon the land by a tenant especially for use in the conduct of its business as does the instant case. Nor was this court called upon there, as here, to decide whether or not the particular articles annexed to the freehold were fixtures. On the contrary it was assumed that they were fixtures and the question was whether a second mortgagee had a right to sue the mortgagor's vendee by reason of the fact that the articles in question had been severed from the realty without such mortgagee's consent. In that case we considered and determined only whether the second mortgagee was entitled to sue the mortgagor's vendee for damages for such severance.

In the case at bar little need be said on the question whether the receiver's fees and costs of administration are entitled to priority of payment as decreed. The trial justice fixed the receiver's fee at $1,000. As that amount together with unpaid costs of administration exceeded the amount of the first fund, recourse to the second fund was necessary. After the receiver is fully reimbursed such fund will be exhausted in satisfaction of Carr's claim. Since such claim has been decreed priority over appellant's claim to the

buildings it has no real ground for complaint as to how the second fund is applied.

However, it seems from appellant's brief and argument that it is somewhat concerned as to whether it will be fully reimbursed by the receiver for the use and occupation of its land during his conduct of the business. We see no difficulty here, as the record discloses that a decree was entered on November 14, 1950 awarding appellant reasonable compensation for such use and occupation, and by further decree of February 28, 1951 reasonable compensation therefor was fixed at the rate of $185 a month plus taxes which appellant has paid to the city of Pawtucket. On that record the receiver is obligated to reimburse appellant in accordance with that decree before paying over the balance of the proceeds of the second fund to Carr.

We so interpret paragraph numbered 5 of the decree appealed from, because it clearly appears from the travel of these receivership proceedings that they were for his benefit as well as for the benefit of the other creditors, especially in view of the fact that appellant had already imperiled Carr's security under his mortgage by obtaining a decision in the district court in its action of trespass and ejectment. By virtue of the injunction enjoining appellant from prosecution of such suit to final judgment and as a result of the entry of the decree of receivership, Carr was afforded the opportunity to have his claim to the buildings adjudicated within the receivership. He thus obtained a substantial benefit by virtue of the receivership and should share in the expenses thereof.

The appeal is denied and dismissed, the decree appealed from as above interpreted is affirmed, and the cause is remanded to the superior court for further proceedings.

*Letts & Quinn,* for appellant Anderton Realty Company.

*William H. McSolely, Jr., Quentin J. Geary,* for claimant James C. Carr.